# IN THE UNITED STATES DISTRICT COURT
# OF THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| SHELLY N. SANDERS | § | |
| | § | |
| V. | § | No. 5:17CV131-RWS-CMC |
| | § | |
| ROCKY D. WRIGHT | § | |

## MEMORANDUM ORDER ADOPTING
## REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was referred to United States Magistrate Judge Caroline M. Craven pursuant to 28 U.S.C. § 636. The Report of the Magistrate Judge which contains her proposed findings of fact and recommendations for the disposition of such action has been presented for consideration. Rocky D. Wright, proceeding pro se, filed objections to the Report and Recommendation. The Court has conducted a *de novo* review of the Magistrate Judge's findings and conclusions.

## BACKGROUND

**State Court action**

This action was originally brought by the Attorney General of the State of Texas in the District Court of Titus County, Texas, 76-276th Judicial District ("State Court") for enforcement and modification of support order of August 16, 2013. On December 11, 2015, the State Court entered Agreed Final Orders in Suit Affecting the Parent-Child Relationship.

On June 15, 2017, Shelley Nicole Sanders, mother and joint managing conservator of the minor child, filed a Motion to Modify Agreed Final Orders in Suit Affecting the Parent-Child Relationship. According to Sanders' motion, the child's father, Rocky D. Wright, has the exclusive right to designate the primary residence of the child within Cass County, Texas or any county

contiguous to Cass County and the independent right to make decisions regarding the child's education. Sanders seeks an order awarding her the exclusive right to designate the primary residence of the child so that the child may attend Cumberland Academy in Tyler, Texas in August 2017. Sanders also seeks an order for payments of child support and medical child support. The State Court scheduled Sanders' motion for hearing August 25, 2017.

**Wright's Notice of Removal**

On July 3, 2017, Rocky D. Wright filed a "Notice of Petition; and, Verified Petition for Warrant of Removal" ("Notice of Removal"), asserting he had removed the action pursuant to 28 U.S.C. § 1443. Mr. Wright attached to his Notice of Removal a copy of Sanders' Motion to Modify Agreed Final Orders in Suit Affecting the Parent-Child Relationship to the Notice of Removal.

In his Notice of Removal, Wright alleges the following claims:

> Within the instant state court proceedings of Camp County and then Titus County never-ending, [Wright] has been, and is still being, affirmatively denied basic constitutional and due process rights to at least: (A) equal protection of the laws; (B) freedom from gender and class discrimination; (C) fair and competent tribunals; (D) reasonable notice and opportunity to be heard; (E) fair and lawful use in civil prosecution and defense of relevant and material evidence and of applicable statutory, rule, and case law authorities; also (F) liberty and property protections; and (G) various other violations of constitutionally-protected rights and interests.

Dkt. No. 1 at 5. According to Wright, he does not seek to "issue or modify any decrees" regarding state law matters of divorce, child custody, or support, but seeks to "enforce due process, equal and civil rights, true constitutional rights, and other federal rights, statutory and otherwise." *Id*. at pg. 6. Among other things, Wright alleges he "has been outrageously harassed by the same local county courts and the related court administrative systems, also repeatedly violating [his] most basic due process rights, by willfully, knowingly and intentionally conspiring in various commissions of criminal acts and behaviors, all shockingly done in an intentional conspiracy to aid and abet grand

2

scale larceny." *Id.*

In his Notice of Removal, Wright listed himself as the "petitioner" and Shelly Sanders as the "respondent." He seeks civil and punitive damages as well as a "declaratory judgment finding that the original state court proceedings now removed were void for lack of pre-deprivation due process, that [Wright] was never lawfully reclassified as a 'noncustodial' parent, and that the State failed to first properly allege and adjudicate serious parental unfitness as a legal prerequisite to any such reclassification of [his] own parent-child relationship. . ., also for appropriate civil damages awards. . . ." *Id*. at 3-4 (quoting Notice of Removal at 21). In the Report and Recommendation, the Magistrate Judge noted the Clerk of the Court corrected the style of the case to properly reflect Wright as defendant. Dkt. No. 18 at 4, n. 2.

## **REPORT AND RECOMMENDATION**

On July 19, 2017, the Magistrate Judge sua sponte issued a Report and Recommendation, recommending the above case be remanded to the 76-276th District Court of Titus County, Texas. According to the Magistrate Judge, Wright contends he has been unlawfully subjected to a minimum of three independent "causes of action" supporting direct removal under the special civil rights statute, 28 U.S.C. § 1443: (1) false deprivation of parent child relationships without any due process; (2) failing to use the clear and convincing standard in all matters allegedly pertaining to any action prospecting to impact the custody of one or more minor children; and (3) constitutional violations regarding Title IV-D conflicts of interests of state judicial officers in collecting their own child support orders. Dkt. No. 18 at 3.

Considering Wright's filing as a whole, the Magistrate Judge construed it as a removal of the State Court proceeding pursuant to § 1443. Specifically, Wright referred to his filings as a "§ 1443

3

removal package" and indicated he intends to "expand this removal Complaint" under "little sister" 28 U.S.C. § 1443 "with more exampled civil Counts, into a larger-pled, full civil suit Complaint under "big sister" 42 U.S.C. § 1983. *Id.* at 4 (quoting Dkt. No. 7 at 8 and Notice of Removal at 9).

The Magistrate Judge then applied the two-pronged test to remove an action pursuant to § 1443 as outlined by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966). "First, Mr. Wright must prove the rights allegedly denied to him arise under a federal law 'providing for specific civil rights stated in terms of racial equality.'" Dkt. No. 18 at 6 (quoting *Rachel*, 384 U.S. at 792). Second, according to the Magistrate Judge, Wright must prove he has been "denied or cannot enforce" the specific civil rights in state court. *Rachel*, 384 U.S. at 794.

The Magistrate Judge then discussed at length a case similar to this one, *Louisiana v. Wells*, 2015 WL 1276713 (M.D. La. Mar. 19, 2015), *aff'd*, 628 F.App'x 260 (5th Cir.2015). In that case, the State of Louisiana brought suit against Wells in state court to obtain child support arrearages from Wells. *Id.* at * 2. Wells attached to his notice of removal a copy of a motion filed by the State of Louisiana requesting the family court require Wells to appear and show cause why certain frozen assets of his should not be released to the state. *Id.* In his notice of removal, Wells also asserted "various claims against the State of Louisiana, including that it illegally obtained his banking information, denied him fair hearings, denied him administrative review, and denied him counsel." *Id.*

Later, in the removed case, Wells filed a court-issued "complaint" form which he subtitled a "Notice of Removal" but captioned as Kelvin Wells versus State of Louisiana. *Id.* at *3. "Through this document, Mr. Wells argue[d] his Fourteenth Amendment rights [had] been violated because he [had] been 'denied of due process, equal protection, counsel while his veteran benefits stolen,

4

made to pay for counsel . . . denied fair hearings, administrative reviews, state compelled witnesses to commit perjury, rewarded witnesses for perjury and still has proceedings even though jurisdiction rest in federal co[urt].'" *Id*.

According to the court, "[t]hrough a process of elimination, it appear[ed] that Mr. Wells [was] asserting removal pursuant to the civil rights removal statute, 28 U.S.C. § 1443." *Id*. at *4. The court held Wells had not satisfied the first prong because he had not demonstrated his claims arose under a federal law "providing for specific civil rights stated in terms of racial equality." *Id*. at * 5. Mr. Wells also failed to satisfy the second prong, as he had not shown any Louisiana law or policy preventing him from raising his federal claims or rights under the Constitution in the family court proceeding. *Id*.

The magistrate judge in *Wells* concluded Wells' attempt to remove the state court action failed to meet the requirements for § 1443(1) jurisdiction and recommended the case be remanded. *Id*. at *5-6. The district judge considered Wells' opposition to the report and recommendation and noted Wells had provided no basis for subject matter jurisdiction in federal court. *Id*. at *1. The district judge found Wells' objections without merit and remanded the case. *Id*. at *2.

In her July 19, 2017 Report and Recommendation, the Magistrate Judge similarly concluded Wright has not satisfied either the first or second prong of § 1443(1), noting Wright's claims are not based on racial inequality. According to the Magistrate Judge, Wright's attempt to remove the State Court proceeding fails to meet the requirements for § 1443(1) jurisdiction and the case should be remanded.

**OBJECTIONS**

In his 47-page objections to the Report and Recommendation, Wright first asserts the

Magistrate Judge's recommendation was premature. According to Wright, "[w]ithout any motion to remand yet on the table, there was nothing for the Magistrate to report upon yet." Dkt. No. 33 at 1. Wright further asserts remand of a removed case is not listed among "the available types of dispositive actions that federal magistrate judges may ever address without consent of the parties," so the issue is reserved only for a district judge's consideration. *Id*. at 1-3.

Substantively, Wright states he is "another typical constitutional crime victim of the Texas family courts" and has "legal standing to file perfectly valid removal via Section 1443." *Id*. at 4. Wright requests the Court strike down certain state statutes as "constitutionally repugnant on their faces" and to declare the instant State Court case entirely void. *Id.* Specifically, Wright makes the following arguments:

- The State of Texas must surpass pre-deprivation "serious parental unfitness" due process hurdles, and that by clear and convincing evidence, before it may then, and only then, remove the custodial rights of any parent to his or her own natural child. As a summary of this argument, Wright asserts "the State of Texas family court system is wildly unconstitutional, perpetrating routine, daily frauds upon basic constitutional and due process rights of at least one-half of all the natural parents involved within domestic relations cases over child custody betwixt two competing parents, and it is incumbent on this Court to strike down the same facially repugnant mess." *Id*. at 7, 11.

- State family court judges are barred from any involvement in Title IV-D child support matters of their own given respective counties due to the pecuniary conflicts of interests to such county officers within the Title IV-D system. Wright requests the Court "strike down the same facially repugnant mess by declaring an appropriate injunction against the State of Texas, its family court system leaders, and/or the corresponding judicial officers, forbidding such further conflicts of interest and/or other entanglements, and making the same permanent." *Id*. at 11, 14.

- Causes of action over federal torts are well established as perfectly proper federal subject matter jurisdiction even if regarding state domestic relations cases. According to Wright, he is within his rights to bring a federal court tort action for civil damages "over the original several years of interference with the parenting time I was supposed to have equally with my offspring,

6

because such federal tort actions have been very well established for decades." Wright argues "any frivolous attempt by any officer or party herein to willfully, intentionally and knowingly defraud this District Court into avoiding jurisdiction over federal tort claims brought by this Petitioner (let alone over the removal action and direct facial challenge to state statutes itself), simply because the issues are intertwined with a state domestic relations case, are abhorrently not in compliance with well-established federal jurisprudence . . . ." *Id*. at 14, 17-18.

- Removal under 28 U.S.C. § 1443 is timely filed within thirty days of the aggrieved litigant first ascertaining the existence of his or her right to remove. *Id*. at 18.

- Civil rights removal via § 1443 is different from all other removal types in substantive and procedural respects. According to Wright, "[w]hile all 'fresh' removals filed under § 1441 and that kin should retain the same 'fresh' *case styling pattern* as in that brand new state court case, § 1443 removals are not triggered unless and until a given state court - maybe months or years later, or never - violates a litigant's federal rights, triggering the adversarial nature of the *case styling reverse*, because of then later invoking this statutory enforcement action of right, via petitioning under § 1443 for due relief . . . as *petitioner* and . . . all adverse parties therein are called *respondents*. . . ." Thus, Wright should be the petitioner-plaintiff, while the responding parties of the instant state court case should be the respondent-defendant parties, "i.e., Shelly [Sanders], the state court, and Texas." *Id.* at 19-21 (emphasis in original).

- Racial litmus tests may not be used by federal courts to arbitrarily deny otherwise equal access rights to federal court jurisdiction over equal rights issues. According to Wright, civil rights are not limited under federal law to solely "racial" issues. *Id*. at 22.

- Federal courts may not entertain abstention doctrines to deny clear and unambiguous statutory language that expressly authorizes state case intervention. *Id*. at 39.

### *DE NOVO* REVIEW

Before addressing whether the Magistrate Judge erred in finding Wright's removal of the State Court proceeding fails to meet the requirements for § 1443 jurisdiction, the Court first considers whether the Magistrate Judge erred in sua sponte issuing the Report and

7

Recommendation. As noted above, Wright asserts that the Magistrate Judge's recommendation was premature as there was no "motion to remand yet on the table." Dkt. No. 33 at 1. The Magistrate Judge correctly noted the Court's "independent obligation to examine [its] own jurisdiction." Dkt. No. 18 at 5, n. 3 (quoting *United States v. Hays*, 515 U.S. 737 (1995)); *see also Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). Even though there was no motion to remand pending, it was proper for the Magistrate Judge to sua sponte examine whether the Court has subject matter jurisdiction over this removed case.

Wright further asserts that the Magistrate Judge was without authority to consider remand of a removed case, as it is not listed among "the available types of dispositive actions that federal magistrate judges may ever address without consent of the parties." Dkt. No. 18 at 1-3. The issue of remand is not reserved only for consideration by the District Judge, but may be referred to a magistrate judge and addressed in a report and recommendation. *See Davidson v. Georgia Pac., L.L.C.*, 819 F.3d 758, 764-65 (5th Cir. 2016) (agreeing with other circuits and finding rulings on motions to remand are dispositive matters on which a magistrate judge can enter a recommendation to the district court subject to *de novo* review). "Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court, on its own motion, may refer a pending matter to a United States Magistrate Judge for Report and Recommendation." *Caldwell ex rel. Louisiana v. Bristol Myers Squibb Sanofi Pharm. Holding P'ship*, No. 2:12CV00443, 2012 WL 3866493, at *1 (W.D. La. Sept. 4, 2012), *judgment entered sub nom. Caldwell v. Bristol Myers Squibb Sanofi Pharm. Holding P'ship*, No. 2:12 CV 00443, 2012 WL 3862436 (W.D. La. Sept. 4, 2012). The undersigned referred this case to the Magistrate

Judge for consideration of all pretrial matters, which he has the authority to do. The Magistrate Judge properly issued a Report and Recommendation to the undersigned subject to *de novo* review.

The Court now considers Wright's substantive objections to the Report and Recommendation and conducts a *de novo* review of the Magistrate Judge's findings and conclusions. As noted above, Wright removed this case pursuant to the civil rights removal statute, 28 U.S.C. § 1443, which authorizes the removal of a civil rights action pending in state court, even if the action would not otherwise be removable under the court's original jurisdiction:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of the citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

The second subsection of § 1443 "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966). As noted by the Magistrate Judge, Wright has not alleged he is a federal officer or agent; therefore, any right to removal he may have must fall under the first subsection of § 1443.

Under 28 U.S.C. § 1443(1), a defendant must satisfy a two-pronged test to remove an action. *Georgia v. Rachel,* 384 U.S. 780 (1966). First, a defendant must prove the rights allegedly denied to him arise under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.* at 792. Second, a defendant must prove he has been "denied or cannot enforce" the specific civil rights in state court. *Id.* at 794.

9

Wright has objected to application of the *Rachel* case. At the same time he filed his Notice of Removal, Wright also filed eight "Notices."[1] In his "Notice of Pre-emptive Constitutional Challenge to the Unlawful Discrimination of Separate Racial Classes via *Georgia v. Rachel*," Wright argues the plain meaning of § 1443 was changed by the Supreme Court in *Rachel*, and a "fair and full reading of the statute itself does not give even the slightest hint that its availability to all United States citizens is limited as unconstitutionally misconstrued in *Georgia v. Rachel*." Dkt. No.10 at 2. The Magistrate Judge noted Wright's objection to the *Rachel* case and correctly found Wright's argument without merit. Dkt. No. 18 at 6, n. 4.

In his objections, Wright asserts the "racial inequality" litmus test often used by federal courts to "arbitrarily deny equal rights and equal access to federal relief to white people via removal under 28 USC § 1443 is utter nonsense, easily slammed in several ways as flagrantly and recklessly unconstitutional." Dkt. No. 33 at 7. Wright further argues as follows:

> Nor should any party ever try any self-serving attempt by falsely alleging under any principles of *stare decisis* that this Court must blindly follow the opinions of an erred triplet of ancient Supreme Court cases from over 50 years ago (*Georgia, Johnson, and City of Greenwood*), as virtually each and every single case law ever cited on 'civil rights' removal actions and such facially absurd 'racial inequality' issues traces back to these three cases.

---

[1] As noted by the Magistrate Judge, the eight separate "Notices" are as follows: (1) Petitioner's Notice of Judicial Disqualifications (Dkt. No. 6); (2) Notice Distinguishing Between the Two Basic Types of Removal; and Motion for Issuance of Preliminary Relief in the Alternatives (Dkt. No. 7);(3) Notice of Special *Pro Se* Litigant Rights (Dkt. No. 8); (4) Notice of Pending Amendment of Petition into Complaint (Dkt. No. 9); (5) Notice of Pre-emptive Constitutional Challenge to the Unlawful Discrimination of Separate Racial Classes via *Georgia v. Rachel* (Dkt. No. 10); (6) Notice of Constitutional Question to EDTX Local Rule CV-81 (Dkt. No. 12); (7) Notice of Constitutional Questions to Texas State Statutory Schemes (Dkt. No. 13); and (8) Notice of Constitutional Questions to Federal Statute 28 U.S.C. § 1443 (Dkt. No. 14). Mr. Wright also filed a Memorandum of Law Clarifying Established Federal Jurisdiction, making clear his removal was filed pursuant to 28 U.S.C. § 1443 (Dkt. No. 5 at 5).

*Id.* at 29 (citing *Georgia v. Rachel*, 384 U.S. 780 (1966), *City of Greenwood v. Peacock*, 384 U.S. 808 (1966), and *Johnson v. Mississippi*, 421 U.S. 213 (1975)).

Recently, the Fifth Circuit Court of Appeals considered a litigant's appeal of the district court's order remanding his criminal case to state court pursuant to § 1443(1).[2] The district court had pointed out that the Supreme Court in *Rachel* held "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." *Kruebbe v. Beevers*, No. 16-30469, 2017 WL 2260974, at *2 (5th Cir. May 22, 2017) (quoting *Rachel*, 384 U.S. at 792). Kruebbe argued the Supreme Court's decision in *Rachel* was subsequently reversed by *Chapman v. Houston Welfare Rights Organization*, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979). *Kruebbe*, 2017 WL 2260974, at *2.

According to the Fifth Circuit in *Kruebbe*, *Chapman* involved the interpretation of a different statute, 28 U.S.C. § 1343, and thus did not overturn *Rachel*. *Id*. "On the contrary, *Chapman* reiterated *Rachel*'s holding, explaining that § 1443 'was enacted in the Civil Rights Act of 1866 under the authority of the Thirteenth Amendment' and was therefore 'limited to racially based claims of inequality.'" *Id.* (quoting *Chapman*, 441 U.S. at 622)("When the removal statute speaks of any law providing for equal rights, it refers to those laws that are couched in terms of equality, such as the historic and the recent equal rights statutes, as distinguished from laws, of which the due process clause and 42 U.S.C. § 1983 are sufficient examples, that confer equal rights in the sense, vital to our way of life, of bestowing them upon all.")(internal quotations omitted). In requesting his case be removed to federal court, "Kruebbe did not allege that he was denied or unable to enforce rights

---

[2] Because Kruebbe first brought a pro se civil rights action in the federal district court and then filed a notice of removal attempting to remove his criminal prosecution from state court to federal court, Kruebbe is the "plaintiff-appellee" instead of the defendant. 2017 WL 2260974, *1.

under any law providing for equal civil rights stated in terms of racial equality. Therefore, § 1443(1) did not apply to his criminal prosecution." *Kruebbe*, 2017 WL 2260974, at *2.

Less than three months ago, the Fifth Circuit rejected an argument that *Rachel* has been overturned. The court also reiterated § 1443 "was enacted in the Civil Rights Act of 1866 under the authority of the Thirteenth Amendment" and is therefore "limited to racially based claims of inequality." *Id.* The Magistrate Judge properly relied upon the *Rachel* two-prong test here, including the Supreme Court's holdings that § 1443 is limited to racially based claims of inequality.

The *Rachel* test requires the following for removal under § 1443. First, it must appear the right allegedly denied the removing defendant arises under a federal law "providing for specific civil rights stated in terms of racial equality." *Id.*; *see also Alabama v. Conley,* 245 F. 3 d 1292, 1295 (11th Cir. 2001). As to this first prong, "broad assertions under the Equal Protection Clause . . . are insufficient to support a valid claim of removal because racial equality rights do not include rights of general application." *See Conley,* 245 F.2d at 1295–96.

Second, it must appear, in accordance with the provisions of § 1443(1), that the removing defendant is "denied or cannot enforce" the specified federal rights "in the courts of (the) State." *Id.* This provision normally requires the "denial be manifest in a formal expression of state law," such as a state legislative or constitutional provision, "rather than a denial first made manifest in the trial of the case." *Id.* (citation and internal quotation omitted). Except in the unusual case where "an equivalent basis could be shown for an equally firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in the state court," it was to be expected that the protection of federal constitutional or statutory rights could be effected in the pending state proceedings, civil or criminal. *Id.* (quoting *Rachel*, 384 U.S. at 804). "Failure to satisfy either prong

12

of the two-pronged test is fatal to removal." *Evans v. State of Florida Dep't of Revenue Child Support Enf't*, No. 3:09CV467/MCR/EMT, 2010 WL 419399, at *3–4 (N.D. Fla. Jan. 28, 2010), *aff'd sub nom. Evans v. Echeverri*, 433 F. App'x 878 (11th Cir. 2011) (citing *Williams v. State of Mississippi*, 608 F.2d 1021, 1022 (5th Cir.1979)).

The Court agrees with the Magistrate Judge that Wright's broad constitutional claims do not satisfy the first prong of the *Rachel* test. *See Alabama v. Huffaker*, No. 08–680, 2009 WL 197806, at *2 (S.D.Ala. Jan. 26, 2009) (pro se defendant alleging denial of equal protection and due process in a child support proceeding "failed to allege adequate grounds for removal pursuant to § 1443(1), because he cannot satisfy the first prong of the test"). In *Huffaker*, the removing party argued he had been denied equal protection and due process of law in the state court civil action and that his fundamental rights as a parent had been impaired by a petition to modify the divorce decree filed by his former wife in the state court action. 2009 WL 197806, at *1-2. In remanding the case, the court explained that the "federal judiciary has traditionally abstained from deciding cases concerning domestic relations. As a result, federal courts generally dismiss cases involving divorce and alimony, child custody, visitation rights, establishment of paternity, child support, and enforcement of separation or divorce decrees still subject to state court modification." *Id.* at *5 (quoting *Ingram v. Hayes,* 866 F.2d 368, 369 (11th Cir.1988)). According to the *Huffaker* court, retaining jurisdiction on removal would require the court to address the prior orders of the state court and address "divorce and alimony, child custody, . . . child support, and enforcement of separation or divorce decrees still subject to state court modification."

Similarly, in *Evans*, the removing defendant argued, as grounds for removal under § 1443, that the state statutes upon which the Florida Department of Revenue ("DOR") was proceeding in

13

state court were unconstitutional. 2010 WL 419399, *1. The court held Evans failed to satisfy the first prong of the removal test, stating as follows:

> Although the right to due process arises under the Fourteenth Amendment, that constitutional right is not a specific civil right couched in terms of racial equality, rather, it is a broad constitutional guarantee of general application. Likewise, Evans' equal protection claim, that the DOR is treating him differently than similarly situated non-custodial parents, is not based upon racial inequality, but upon the broad constitutional guarantee of equal protection. Therefore, Evans' broad assertions that his due process and equal protection rights were violated do not provide a basis for removal under Section 1443.

*Id.* at *4.

Similarly here, Wright's claims are not based upon racial inequality. Similar to the removing party in *Wells*, Wright asserts into this removed case alleged violations of his due process rights (lack of pre-deprivation due process actually) and equal protection rights. Among other things, Wright also alleges gender and class discrimination. However, as found by the Magistrate Judge, Wright has not demonstrated his claims arise under a federal law "providing for specific civil rights stated in terms of racial equality." Thus, Wright fails to satisfy the first prong of the removal test.

Wright also fails the second prong of the test, namely that he has been "denied or cannot enforce" the specific civil rights in state court. *Rachel,* 384 U.S. at 794. Wright has not shown any Texas law or policy "prevents him from raising his federal claims or rights under the Constitution, as either defenses or counterclaims," in the State Court proceeding. *Wells,* 2015 WL 1276713, at *5. Nor has Mr. Wright shown "how his civil rights, as they pertain to racial equality, would be denied in state court in the instant action that is in question." *Id*. (citing *Paris v. GMAC Mortgage Corp.,* No. 06–01489, 2006 WL 3201312, at *2 (D.Colo. Nov. 1, 2006) (denying removal of eviction proceeding under 28 U.S.C. § 1443)). Wright has not demonstrated the State Court proceeding, which is subject to appellate review by other Texas courts, "will inevitably result in a violation of

Mr. Wright's rights under the Constitution." *Wells,* 2015 WL 1276713, at *5.

The Court, having reviewed the Notice of Removal and other filings in this case, the Report and Recommendation, and Wright's objections, finds Wrights's objections are without merit. The Court is of the opinion the findings and conclusions of the Magistrate Judge are correct. Therefore, the Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court.

Wright's removal under 28 U.S.C. § 1443 was improper, and this State Court action should be remanded for further proceedings. Accordingly, it is

**ORDERED** the above-referenced cause of action is **REMANDED** to the 76-276th District Court of Titus County, Texas.

**SIGNED this 22nd day of August, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE