IN THE UNITED STATES DISTRICT COURT
OF THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **SHELLY N. SANDERS** | § | |
| | § | |
| **V.** | § | No. 5:17CV131-RWS-CMC |
| | § | |
| **ROCKY D. WRIGHT** | § | |

## ORDER

Before the Court is the following pending motion: Petitioner's Rule 59(e) Motion to Correct Plain Errors, with Notice of Tort Claims, and Formal Demand for Investigation (Docket No. 38). The Court has carefully reviewed the motion and is of the opinion the motion should be **DENIED**.

## BACKGROUND

This action was originally brought by the Attorney General of the State of Texas in the District Court of Titus County, Texas, 76-276th Judicial District ("State Court") for enforcement and modification of support order of August 16, 2013. On December 11, 2015, the State Court entered Agreed Final Orders in Suit Affecting the Parent-Child Relationship.

On June 15, 2017, Shelley Nicole Sanders, mother and joint managing conservator of the minor child, filed a Motion to Modify Agreed Final Orders in Suit Affecting the Parent-Child Relationship. According to Sanders' motion, the child's father, Rocky D. Wright, has the exclusive right to designate the primary residence of the child within Cass County, Texas or any county contiguous to Cass County and the independent right to make decisions regarding the child's education. Sanders seeks an order awarding her the exclusive right to designate the primary residence of the child so that the child may attend Cumberland Academy in Tyler, Texas in August 2017. Sanders also seeks an order for payments of child support and medical child

support. The State Court scheduled Sanders' motion for hearing August 25, 2017.

On July 3, 2017, Rocky D. Wright filed a "Notice of Petition; and, Verified Petition for Warrant of Removal" ("Notice of Removal"), asserting he had removed the action pursuant to 28 U.S.C. § 1443. Docket No. 1. Mr. Wright attached to his Notice of Removal a copy of Sanders' Motion to Modify Agreed Final Orders in Suit Affecting the Parent-Child Relationship to the Notice of Removal. In his Notice of Removal, Wright listed himself as the "petitioner" and Shelly Sanders as the "respondent." *Id*. He seeks civil and punitive damages as well as a "declaratory judgment finding that the original state court proceedings now removed were void for lack of pre-deprivation due process, that [Wright] was never lawfully reclassified as a 'noncustodial' parent, and that the State failed to first properly allege and adjudicate serious parental unfitness as a legal prerequisite to any such reclassification of [his] own parent-child relationship." *Id*. at 21. He also seeks "appropriate civil damages awards." *Id*.

On July 19, 2017, the Magistrate Judge sua sponte issued a Report and Recommendation, recommending the above case be remanded to the 76-276th District Court of Titus County, Texas. Docket No. 18. In the Report and Recommendation, the Magistrate Judge noted the Clerk of the Court had corrected the style of the case to properly reflect Wright as Defendant. Docket No. 18 at 4, n. 2. Plaintiff filed objections to the Report and Recommendation. Docket No. 20.

## AUGUST 22, 2017 ORDER ADOPTING

On August 22, 2017, the Court issued a fifteen-page Order addressing and overruling Plaintiff's objections and adopting the Report and Recommendation as the findings and conclusions of the Court. Docket No. 37. The Court concluded Wright's removal under 28 U.S.C. § 1443 was improper and ordered the State Court action be remanded to the 76-276th

District Court of Titus County, Texas for further proceedings. *Id*.

In docketing the Order, the Clerk of the Court noted the case was being held per Local Rule 83, which provides as follows:

> (b) **Transferred or Remanded Cases**. Absent an order of the court to the contrary, no sooner than the twenty-first day following an order of the court . . . remanding [the case] to the appropriate state court, the clerk shall transmit the case file to the directed court. Where a case has been remanded to state court, the clerk shall mail: (1) a certified copy of the court's order and docket sheet directing such action; and (2) all pleadings and other documents on file in the case. . . . If a timely motion or reconsideration of the order of . . . remand has been filed, the clerk shall delay mailing or transferring the file until the court has ruled on the motion for reconsideration.

Local Rule CV-83(b) (footnote omitted). Despite the fact Plaintiff had not filed a timely motion for reconsideration, the Clerk of the Court inadvertently failed to transmit the case file to the 76-276th District Court of Titus County, Texas on September 12, the twenty-first day following the August 22 Order remanding the case.

## PLAINTIFF'S RULE 59(e) MOTION

On September 22, 2017, thirty-one days after the Court's order of remand, Plaintiff filed the current "Rule 59(e) Motion to Correct Plain Errors, with Notice of Tort Claims, and Formal Demand for Investigations." Docket No. 38. In his motion, Plaintiff asserts the same substantive arguments previously considered by the Magistrate Judge and the undersigned in this litigation. Docket No. 38. Plaintiff adds the undersigned, the Magistrate Judge, the Chief Judge, the Clerk of the Court and certain deputy clerks and the entire Eastern District of Texas (among others) as alleged "joint tortfeasors," asserting all orders issued by them are "wholly fraudulent and void, in further knowing felony criminal conspiracies to violate law, people and rights, including to affirmatively aid, abet, condone and/or otherwise knowingly support fraudulent state records. . . ." *Id*. at 1-2, 10. Plaintiff asserts he is entitled to damages in the amount of twenty-

five million dollars for the alleged torts, gross incompetence, refusal to provide honest services, discrimination, fraudulent neglect of duties and negligence of the Court's officers. *Id.* at 10. He also demands the authorities investigate the officers of the Court. *Id.*

## DISCUSSION

As noted above, Plaintiff's Rule 59(e) motion was filed thirty-one days after the Court's August 22 order remanding the case to state court. FED. R. CIV. P. 59(e) provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. Thus, Plaintiff's motion was untimely filed, and for that reason alone, should be denied.

Even putting aside the fact that Plaintiff's motion was untimely filed, the Court finds Plaintiff's motion without merit. Regarding the issue of whether the Court has subject matter jurisdiction, Plaintiff merely re-hashes the substantive arguments raised in his objections. Docket No. 38. For example, Plaintiff argues the "racial inequality" litmus test often used by federal courts (as provided in *Georgia v. Rachel*, 384 U.S. 780 (1966)) "to arbitrarily deny equal rights and equal access to federal relief to white people via removal under 28 USC § 1443 as knowingly defrauded by the officers of this Court is plain and utter nonsense, which was already prior and easily slammed in several different ways as clearly unconstitutional, *see again* **that seventeen (17) pages of slam dunk against such flagrant nonsense** within the undersigned's Objections to Unauthorized Magistrate Report and Recommendation with Conditional Request for Findings of Fact and Conclusions or Law at 22-39. . . ." Docket No. 38 at 4 (emphasis in original).

As explained in the Court's *de novo* review of Plaintiff's objections, the Magistrate Judge properly relied upon the *Rachel* two-prong test here, including the Supreme Court's holdings that

§ 1443 is limited to racially based claims of inequality. Docket No. 18. In its August 22 order, the Court specifically noted a recent Fifth Circuit case wherein the court rejected an argument that *Rachel* has been overturned. *Kruebbe v. Beevers*, No. 16-30469, 2017 WL 2260974, at *2 (5th Cir. May 22, 2017). The Fifth Circuit also reiterated § 1443 "was enacted in the Civil Rights Act of 1866 under the authority of the Thirteenth Amendment" and is therefore "limited to racially based claims of inequality." *Id.*

Altering or amending a judgment under FED. R. CIV. P. 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Id.* The Fifth Circuit has cautioned that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.2004).

As noted above, Plaintiff's motion reasserts the same arguments from its objections. Plaintiff presents no newly discovered evidence or other reason justifying relief from the operation of the Court's prior holding. The Court previously found it did not have subject matter jurisdiction in this action. The case should have been remanded September 12, 2017. Plaintiff has not provided any legal reason that there is now subject matter jurisdiction.

For these reasons, it is

**ORDERED** that Petitioner's Rule 59(e) Motion to Correct Plain Errors, with Notice of Tort Claims, and Formal Demand for Investigation (Dkt. No. 38) is **DENIED**. It is further

**ORDERED** that the Clerk of the Court shall effectuate the order of August 22, 2017 remanding the above-entitled and numbered cause to the 76-276th District Court of Titus County, Texas and mail a certified copy of the court's order and docket sheet directing such

action and all pleadings and other documents on file in the case.

**So ORDERED and SIGNED this 29th day of September, 2017.**

*(signature: Robert W. Schroeder III)*

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE